THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSUE PEREZ-MERCADO,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil No. 19-1185 (ADC)<br>[Related to Crim. No. 08-0310-10 (ADC)] |

**OPINION AND ORDER**

Pending before the Court is Josué Pérez-Mercado's motion under §2255 and memorandum in support. **ECF No. 1, 3, 6**[1]. On April 30, 2019, the government filed a motion to dismiss arguing that petitioner's motion is time-barred, defaulted and meritless. **ECF No. 9**. Petitioner opposed the government's request for dismissal. **ECF No. 10**. For the following reasons, petitioner's motion is **DENIED WITH PREJUDICE** as untimely under 28 U.S.C § 2255 (f).

**I.   Background**

On September 2, 2008, petitioner, along with 73 co-defendants, was indicted on various counts under 21 U.S.C. §841(a)(1), 846, 860, and 18 U.S.C. §924(o). **Crim. No. 08-0310-10 (FAB), ECF No. 4**. On April 20, 2010, after a three-month trial, petitioner was convicted of five counts; conspiracy to possess with the intent to distribute controlled substances within 1,000 feet of a school and aiding and abetting in the possession with intent to distribute heroin, crack cocaine,

---

[1] At **ECF No. 6**, petitioner filed a virtually identical copy of the supplemental brief at **ECF No. 3**.

cocaine, and marihuana. **Crim. No. 08-0310-10 (FAB), ECF No. 2663**. Petitioner was sentenced by the Honorable Francisco A. Besosa to life imprisonment. **Crim. No. 08-0310-10 (FAB), ECF No. 3154**. Upon appeal, the First Circuit vacated his conviction[2] and remanded for new trial. **Crim. No. 08-0310-10 (FAB), ECF No. 3155, 4477, 4480**; *United States v. Negrón Sostre*, 790 F.3d 295 (1st Cir. 2015).

On remand, the Court held various status and pretrial conferences. *See* **Crim. No. 08-0310-10 (FAB), ECF Nos. 4733, 4734, 4740, 4741, 4742**. During the September 10, 2015 status conference and February 11, 2016 pretrial conference, the terms of potential plea agreements for several co-defendants were discussed with their counsel, including petitioner's. During such conferences, the Court made certain remarks that petitioner alleges constituted improper interference in plea negotiations in violation of Rule 11 of the Federal Rules of Criminal Procedure ("Rule 11)". Although petitioner was not present during such conferences, his counsel informed him about the Court's remarks regarding the likelihood of the imposition of a life sentence after trial. *See* **ECF No. 7** at 5. Fearing the imposition of another life sentence, petitioner decided to plead guilty. *Id*. On March 18, 2016, petitioner pleaded guilty to Count One of the indictment and was sentenced to 265 months of imprisonment. **Crim. No. 08-0310-10 (FAB), ECF Nos. 4692, 4828**. Petitioner did not file an appeal and his conviction became final on September 2, 2016.

---

[2] The First Circuit Court of Appeals vacated the appellants' convictions upon finding that the exclusion of the public during the jury selection process infringed defendants' Sixth Amendment rights. *United States v. Negrón Sostre*, 790 F.3d 295 (1st Cir. 2015); **Crim. No. 08-0310-10 (FAB)**.

On May 31, 2016, co-defendant Wilfredo Rosario-Camacho, who had also plead guilty, filed a motion to withdraw his guilty plea on various grounds. **Crim. No. 08-0310-10 (FAB), ECF No. 4729, 4911**. Rosario-Camacho argued that the Court's remarks during the September 10, 2015, October 13, 2015, November 12, 2015, January 22, 2016, February 11, 2016, and February 17, 2016 conferences constituted participation in plea discussions in violation of Rule 11, rendering his plea involuntary. **Crim. No. 08-0310-10 (FAB), ECF No. 4911**. On October 12, 2017, the Court issued an Opinion and Order granting Rosario-Camacho's motion to withdraw his guilty plea since an order had not been entered formally accepting his plea and entering a judgment of conviction. **Crim. No. 08-0310-10 (FAB), ECF No. 4965** at 8. The trial court further held that a ruling on whether it participated in plea negotiations in violation of Rule 11 was unnecessary. *Id*. at 22. However, upon finding that Rosario-Camacho's Rule 11 arguments were not necessarily frivolous and could be raised on appeal, the trial judge recused himself from the case.[3] *Id*.[4]

On January 28, 2019, petitioner filed his §2255 motion, arguing for the withdrawal of his guilty plea. **ECF No. 1**. Citing portions of the record and the October 12, 2017 Opinion and Order granting Rosario-Camacho's motion to withdraw his guilty plea, petitioner contends that Rule 11 violations preceding his guilty plea affected the plea's voluntariness. Petitioner further avers

---

[3] On March 6, 2019, pursuant to the Order of Recusal entered by District Judge Francisco A. Besosa's (**Crim. No. 08-0310-10, ECF No. 5131**), petitioner's case was randomly assigned within the Case Assignment System to District Judge Daniel R. Dominguez (*id* at **ECF No. 5132**). Considering District Judge Dominguez's Amended Standing Order of Recusal whereby he is not accepting pro se cases, petitioner's case was randomly reassigned to the docket of the undersigned. *Id* at **ECF No. 5133**.

[4] Rosario-Camacho later plead guilty and was sentenced pursuant to the plea agreement. *See* **Crim. No. 08-0310-10 (FAB), ECF No. 5043**.

that his motion is timely since he "learned about the Rule 11 violation on January 6, 2019 from counsel." **ECF No. 3** at 3.

On April 30, 2019, the government filed a motion to dismiss, arguing that petitioner's motion is time-barred and not subject to equitable tolling. **ECF No. 9**. The government further posits that petitioner's motion is procedurally defaulted insofar as his claims are non-constitutional and were not raised on appeal. *Id*. at 5. Lastly, the government contends that petitioner's claim also fails on the merits since he fails to show that but for the Court's comments, he would have exercised his right to trial. *Id*. Petitioner opposed the government's request for dismissal on timeliness grounds. **ECF No. 10**.

## II.   Analysis

Title 28 of United States Code § 2255(f) establishes a one-year period of limitations for motions under § 2255. In general, this period may run from one of four instances,

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2255(f).

The government contends that petitioner's motion is untimely insofar as it was filed over a year after the date on which the judgment of conviction became final. 28 U.S.C. § 2255(f). The Court entered judgment against petitioner in Criminal **Case No. 08-310-10 (FAB)** on August 19,

2016. **Crim. No. 08-310-10 (FAB), ECF No. 4828.** Petitioner did not file an appeal, rendering a timely *habeas* petition due within one year of when such judgment became final. *Id.* For purposes of § 2255(f)(1), such a conviction becomes final when the time for filing an appeal expires. *See Martínez-Serrano v. United States*, No. 11-1077, 2012 U.S. Dist. LEXIS 171941, *3 (D.P.R. Nov. 30, 2012). Because petitioner did not file an appeal, his conviction became final on September 2, 2016. Petitioner filed his 2255 motion on January 28, 2019, over two and a half years after his conviction became final. *See* **ECF No. 1.**

In opposition to the government's request for dismissal on timeliness grounds, petitioner contends that his 2255 motion is based on facts "he could not have known earlier." **ECF No. 10** at 2. According to petitioner, on January 6, 2019, his counsel informed him of the following "facts": that she believed petitioner was compelled to plead guilty because of the Court's participation in the plea discussions, and that the District Judge ostensibly acknowledged the Rule 11 violation and consequently declined to continue presiding over the case. Petitioner proposes that the one-year period to file his petition began from the date on which he was informed by counsel about these purported new "facts", namely, January 6, 2019. Such argument, however, fails.

Pursuant to 28 U.S.C. §2255 (f)(4), the period of limitations for a 2255 motion begins to run from the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. Petitioner "must show the existence of a new fact, while also demonstrating that he acted with diligence to discover the new fact." *Anjulo-López v. United States*, 541 F.3d 814, 817 (8th Cir.2008) (internal quotation marks omitted). As the

government correctly points out, discovery of a new legal theory does not constitute a discoverable "fact" for purposes of § 2255(f)(4). *Barreto-Barreto v. United States*, 551 F.3d 95, 99, n.4 (1st Cir. 2008) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)); *see also cf. United States v. Harrison*, 680 Fed. Appx. 678, 680 (10th Cir. 2017) (collection of cases). For the purposes of § 2255(f)(4), "time begins when the prisoner knows (or through due diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *United States v. Pollard*, 416 F.3d 48, 55 (D.C.Cir. 2005) (quoting *Owens*, 235 F.3d at 359).

A careful review of the record reveals that at the time he plead guilty on March 18, 2016, petitioner and his counsel were aware of the Court's remarks during the September 10, 2015 status conference and the February 11, 2016 pretrial conference. Petitioner expressly admits as much when arguing that "his plea was induced by this Court's participation in plea discussions and the fear that, as the Court indicated, he would receive another life sentence if convicted at a second trial." **ECF No. 3** at 4. Thus, petitioner and his counsel did not learn about such facts on January 2019. As petitioner expressly notes, he learned about a possible Rule 11 violation argument on such date. However, case law is clear that recognizing the legal significance of a fact or discovering a potential new legal theory do not constitute discoverable "facts" under §2255 (f)(4).

To circumvent the time-bar, petitioner points to the fact that the presiding judge later acknowledged that his comments potentially constituted a Rule 11 violation and discontinued presiding over co-defendant Rosario-Camacho's case. **ECF No. 10**. However, the Court's Opinion

as to Rosario-Camacho's motion to withdraw his guilty plea is premised on facts already known by petitioner. Additionally, the decision was issued on October 12, 2017, and duly notified to counsel of record, including petitioner's attorney. *See* **Crim. No. 08-0310-10 (FAB), ECF No. 4695**. Thus, aside from not raising any additional discoverable "facts" warranting the application of §2254(f)(4), petitioner still filed his petition over thirteen months after the issuance of said decision. Consequently, absent equitable tolling, his petition is irremediably time-barred.

The doctrine of equitable tolling provides that, in exceptional circumstances, a statute of limitations "may be extended for equitable reasons not acknowledged in the statute creating the limitations period." The limitations period may be equitably tolled if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). "A habeas petitioner bears the burden of establishing the basis for equitable tolling." *Riva v. Ficco*, 615 F.3d 35, 39 (1st Cir. 2010) (*citing Holland*, 560 U.S. at 649). Equitable tolling is available only in cases in which "circumstances beyond the litigant's control have prevented him from promptly filing." *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir.2005) (citations omitted). Petitioner has not shown that equitable tolling applies here. Moreover, the record shows that no extraordinary circumstance stood in his way, preventing timely filing. As a result, his petition is untimely, and dismissal is proper on these grounds.

Nevertheless, the Court notes even if considered timely, petitioner's claims are procedurally defaulted. It is well settled that under ordinary circumstances, the voluntariness of

a guilty plea can be questioned on collateral review under 28 U.S.C. § 2255 only if the plea has been challenged on direct appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998). As such, a petitioner who did not challenge the validity of his plea on appeal but later seeks to do so in a §2255 motion has procedurally defaulted his claim. *Id*. Even so, "[a] procedural default is not necessarily a total bar to federal habeas relief. Notwithstanding such a default, a federal habeas petition will be allowed to go forward if the petitioner can show either (i) that there is cause for the default and actual prejudice resulting from it, or (ii) that he is actually innocent of the offense of conviction." *Oakes v. United States*, 400 F.3d 92, 95 (1st Cir. 2005) (citing *Bousely*, 523 U.S. at 622-23).

Petitioner does not proffer actual innocence or offer any explanations for failing to question the validity of his guilty plea on appeal or even moving to withdraw his guilty plea at the trial court level, as co-defendant Rosario-Camacho did. Construing the record in the light most favorable to petitioner, the Court assumes that petitioner's argument is that he did not file an appeal on these grounds because he was purportedly unaware of the Rule 11 violations until counsel informed him on January 2019. Yet, as explained above, there is no question that petitioner and his counsel knew about the Court's remarks as of the date that he plead guilty. Because petitioner was aware of the relevant facts well in advance, and because he does not allege ineffective assistance of counsel, there is no cause for petitioner's failure to raise these claims in the underlying criminal case or on direct appeal. Accordingly, his claims are procedurally barred.

Considering these findings, we need not address the merits of petitioner's claims. Even so, this Court notes that albeit petitioner insists that but for the Rule 11 violation, he would not have accepted the government's plea offer, such claim is hard to believe. The government's case was remarkably strong; in fact, petitioner was convicted after trial and sentenced to life imprisonment prior to the case being remanded for new trial on grounds unrelated to the sufficiency of the evidence. *See Negrón Sostre*, 790 F.3d 295. Indeed, the First Circuit Court of Appeals concluded that there was sufficient evidence to sustain the defendants' convictions. *Id*. Bearing in mind his exposure to life imprisonment, the plea deal was extraordinarily favorable to petitioner. Confronted with overwhelming evidence against him and the prospect of a mandatory life term, petitioner's "hindsight claim that he would have rejected such exceptionally favorable terms strains credulity." *Wilfredos v. United States*, 879 F.3d 244, 248-249 (7th Cir. 2018).

### III.   Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C.A. foll. § 2255.  To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether petitioner's claims should be denied as untimely. Accordingly, the COA is **DENIED**.

### IV. Conclusion

Accordingly, the petition is **DENIED WITH PREJUDICE** as untimely. **ECF No. 1**. The Government's Motion to Dismiss at **ECF No. 9** is Noted and Granted. The Clerk of the Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 19th day of February, 2021.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**